

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Lauro F. Cavazos, Ph.D.
President
Texas Tech University
Texas Tech University Health
  Science Center
P. O. Box 4349
Lubbock, Texas   79409

Opinion No. MW-565

Re: Availability of Texas Tech University student and personnel files to the Department of Labor

Dear Dr. Cavazos:

You have requested an opinion from this office. The facts, as set forth in your request letter, are as follows:

> The Department of Labor is demanding that our files be made available to their office in their investigation of the treatment of minorities and females at Texas Tech University. No claims of discrimination have been made, however. Texas Tech University has been investigated several times by the Department of Education pursuant to Titles VI, VII, and IX. The Department of Education found no evidence of discrimination. Officials and employees at Texas Tech have already spent numerous hours of their time providing documents, preparing reports, and meeting with officials from the Department of Education. I view the demand from the Department of Labor for the same records for the same purposes as a considerable duplication of effort both on the part of our employees and also as to the federal employees. I have a further objection to the Department of Labor's request for our files in that student and personnel records are confidential; however, because of the Freedom of Information Act, these records can be released to the public should the Department of Labor gain access to them.

You ask:

> Must Texas Tech University comply with the request of the Department of Labor that it, the

Department of Labor, have complete access to personnel and student records at Texas Tech University?

You object to releasing confidential student and personnel records to the Department of Labor because they would then be subject to public disclosure under the federal Freedom of Information Act.

Former President Lyndon Johnson issued Executive Order No. 11246 in 1965. This order provides, inter alia, that:

Section 101. It is the policy of the Government of the United States to provide equal opportunity in Federal employment for all qualified persons, to prohibit discrimination in employment because of race, creed, color, or national origin, and to promote the full realization of equal employment opportunity through a positive, continuing program in each executive department and agency. The policy of equal opportunity applies to every aspect of Federal employment policy and practice.

. . . .

Section 202. Except in contracts exempted in accordance with Section 204 of this Order, all Government contracting agencies shall include in every Government contract hereafter entered into the following provisions:

'During the performance of this contract, the contractor agrees as follows:

. . . .

(4) The contractor will comply with all provisions of Executive Order No. 11246 of September 24, 1965, and of the rules, regulations, and relevant orders of the Secretary of Labor.

(5) The contractor will furnish all information and reports required by Executive Order No. 11246 of September 24, 1965, and by the rules, regulations, and orders of the Secretary of Labor, or pursuant thereto, and will permit access to his books, records, and accounts by the contracting agency and the Secretary of Labor for purposes of

investigation to ascertain compliance with such rules, regulations, and orders.

. . . .

Section 205. All contracting agencies shall comply with the rules of the Secretary of Labor in discharging their primary responsibility for securing compliance with the provisions of contracts and otherwise with the terms of this Order and of the rules, regulations, and orders of the Secretary of Labor issued pursuant to this Order. They are directed to cooperate with the Secretary of Labor and to furnish the Secretary of Labor such information and assistance as he may require in the performance of his functions under this Order....

Section 201 of Executive Order No. 11246 provides that the Secretary of Labor "shall adopt such rules and regulations... as he deems necessary and appropriate to achieve the purposes" of the order. These regulations may be found at 41 C.F.R. section 60-1.4. They require those who receive "government contracts" and "federally assisted construction contracts," as those terms are defined therein, to include in each contract and in each modification thereof if not included in the original contract, the same equal employment opportunity clause that is set out in Executive Order No. 11246. As one can see from the foregoing quotation, this clause provides, inter alia, that the contractor must agree to comply with the order and "permit access to his books, records, and accounts... for purposes of investigation to ascertain compliance with" the rules, regulations, and orders of the Secretary of Labor. The Executive Order itself requires contractors to cooperate with the Secretary of Labor and to furnish him "such information and assistance as he may require in the performance of his functions under this Order." Section 205.

At least two federal courts have held that Executive Order No. 11246 and the regulations promulgated thereunder were issued pursuant to constitutional and statutory authority and therefore have the full force and effect of law. Contractors Association of Eastern Pennsylvania v. Secretary of Labor, 442 F.2d 159, 171 (3rd Cir. 1971), cert. denied, 404 U.S. 854 (1971); Legal Aid Society of Alameda County v. Brennan, 381 F.Supp. 125, 130 (N.D. Cal. 1974). See also Hollander v. Sears, Roebuck and Company, 450 F.Supp. 496, 500 (D. Conn. 1978). You inform us that Texas Tech University receives federal contracts in the area of research and instruction. Since these contracts are subject to Executive Order No. 11246 and the regulations promulgated thereunder, they presumably include the aforementioned equal employment opportunity clause. If they do, then it necessarily follows that the university must comply with the requirements of that

clause, including the requirement that it permit the Secretary of Labor to have access to its books, records, and accounts.

At this juncture, we emphasize that even if Executive Order No. 11246 and the accompanying administrative regulations did not exist, the university would still be required to make most of its records available for inspection. The Open Records Act, article 6252-17a, V.T.C.S., provides that all information collected, assembled, or maintained by a governmental body pursuant to law or ordinance or in connection with the transaction of official business is public information unless it falls within one of the exceptions set forth in section 3(a) thereof. Thus, unless the university could successfully invoke one or more of these exceptions, it would be required to make its records available for inspection.

Although, under Executive Order No. 11246 and the Open Records Act, the university is generally obligated to make information in its possession available to the Secretary of Labor, a question exists as to whether this obligation extends to information which is made confidential by statutory law. You contend that personnel and student records are "confidential," and you question whether the university may legally be required to provide such records to the Secretary of Labor.

In Marks v. Central Intelligence Agency, 590 F.2d 997 (D.C. Cir. 1978), the court of appeals observed that an executive order cannot supersede a statute. 590 F.2d at 1003. See also American Federation of Government Employees, AFL-CIO v. Freeman, 498 F.Supp. 651, 658 (D.C. 1980). One federal statute which would almost assuredly be applicable in this instance is the Buckley Amendment, 20 U.S.C. section 1232g, which makes certain student records confidential. If any information in the student records to which you refer is made confidential by the Buckley Amendment, we conclude that it may be released only in accordance with the provisions of that amendment. Since we have no specific records before us, we cannot determine the extent to which this act may be applicable in your situation.

Unlike student records, however, personnel records are not, to our knowledge, made inherently confidential by any federal statute. The Texas Open Records Act contains various exceptions which may be relied upon in individual instances to shield information in personnel records from the public view. See e.g., §§3(a)(1), 3(a)(2). In general, however, personnel records are open and available to the public. Because we have no specific personnel records before us, we cannot determine whether any Open Records Act exception might be applicable to any such records in your possession. Because we cannot make this determination, we also cannot determine whether, even if you could withhold such records under the Open Records Act, you must nevertheless release them to the Secretary of Labor under Executive Order No. 11246. While it is clear that this order cannot supercede a

federal statute, the extent to which it would prevail in the event of a conflict with an Open Records Act exception authorizing material to be kept secret is an entirely different question. Whether it would prevail would depend, in our opinion, upon the specific factual setting and upon the nature of the specific underlying basis for invoking such exception.

### S U M M A R Y

Texas Tech University must comply with the equal opportunity clause set out in its federal contracts pursuant to Executive Order No. 11246 and the regulations promulgated thereunder. This clause requires, inter alia, that the university make available to the Secretary of Labor its books, records, and accounts. Those portions of said books, records, and accounts which consist of student records which are confidential under the Buckley Amendment, 20 U.S.C. §1232g, may only be released pursuant to the provisions of that amendment. We cannot determine in the abstract whether any of the university's personnel records may be withheld from the Secretary of Labor, either temporarily or permanently.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger